FITZHUGH and others *against* WIMAN.

*Intermediate consignees ; interest in property for advances. Action for conversion ; form of judgment in ; measure of damages.*

THIS was an action to recover the possession of certain personal property, which had been shipped at Chicago on board a propeller, and consigned to the plaintiffs, who were forwarders at Oswego, to be by them transported and delivered to the ultimate consignees at New York. The plaintiffs made advances upon the property previous to its shipment at Chicago.

The captain of the propeller, on arriving at Oswego, instead of delivering the property to the plaintiffs, to whom it was consigned, delivered it to the defendant, who was also engaged in forwarding. The plaintiffs thereupon brought this action ; but did not obtain possession of the property, as the defendant gave the requisite security, and retained and forwarded the property to New York, and there delivered it according to its original destination.

On proof of these facts in the court below, and of the amount of freight which would have accrued upon the transportation of the property to New York, the plaintiffs obtained a judgment for the amount of their advances and freight together in one sum, as damages, the judgment being entered in the same form as if the action had been for the conversion of the property.

*Held*, that the plaintiffs had such an interest in the property shipped, as entitled them to maintain the action ; but that the judgment was erroneous in form — the only judgment which can be taken in such an action by a plaintiff to whom the property has not been delivered, under sec. 277 of the Code, being a judgment in

the alternative, for a recovery of the possession of the property, or for its value, in case a delivery cannot be had, and damages for the plaintiff.

*Held*, also, that where the plaintiff is not the general owner, but has a special property only, and where the property is in the hands of the general owner, the true value to be assessed and recovered, is the value of the special property only; which in this case would be the amount of the plaintiff's advances, together with the freight which would have accrued to them upon the transportation of the property.

The plaintiffs, therefore, having recovered, as damages, the precise sum which should have been assessed as the value of the property; *held*, that a new trial was not necessary, but that the judgment might be modified so as to conform to the Code, by changing it into a judgment in the alternative, for the recovery of the possession of the property, or of its value in case a delivery cannot be had — assuming the amount recovered as damages to be the true value of the property to the plaintiffs.

(S. C., 9 N. Y. 559.)